■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID LEE CARTER, Also Known as DAVID CARTER, Also Known as LEE CARTER, Also Known as LEE DAVIS, Appellant. [672 NYS2d 708] —Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered July 28, 1994, convicting defendant, after a jury trial, of two counts of robbery in the first degree, and sentencing him, as a persistent felony offender, to two concurrent terms of 20 years to life; and judgment, same court and Justice, rendered July 28, 1994, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a concurrent term of 6 to 12 years, unanimously affirmed.

Defendant's claim that the court erred in not specifically charging the jury to consider the evidence on each count of robbery separately is unpreserved, since defendant never requested such a charge at trial, and we decline to review the claim in the interest of justice. Were we to review defendant's claim, we would find it to be without merit, since the court's charge as a whole adequately apprised the jury of this principle, as applicable to the circumstances of the case.

Defendant's challenge to the prosecutor's remarks to the jury on summation, wherein he compared the evidence in the two counts of robbery, is unpreserved, and we decline to review it in the interest of justice. Were we to review this claim, we would find that the prosecutor was entitled to comment on those similarities stemming from defendant's sufficiently unique modus operandi (*see, People v Gonzalez*, 188 AD2d 364), which rendered the two incidents joinable pursuant to CPL 200.20 (2) (b) as well as CPL 200.20 (2) (c).

We have considered defendant's other claims, including those raised in his *pro se* supplemental brief, and find them to be without merit. Concur—Lerner, P. J., Ellerin, Rubin, Tom and Andrias, JJ.